UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. GUNTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01524 ERW |
| ) | |
| WILLIAM J. MORRISON, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Amended Motion in Limine [doc. #61] and Defendants' Motions in Limine [doc. #53]. On December 3, 2007 this Court held a pretrial conference to hear arguments on the parties motions. "The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007).

**I.  PLAINTIFF'S AMENDED MOTIONS IN LIMINE**

**1.  Plaintiff's Charge of Discrimination and Evidence Related to Plaintiff's Charge of Discrimination and Request for Receipt of a Right to Sue**

Plaintiff argues that the Charge is a prerequisite to suit, and that the selection of "age" on the Charge is not relevant and is unduly prejudicial. The Court agrees. Plaintiff's Motion in Limine no. 1 is granted.

**2.  Administrative Determination, Investigation, and Deliberative Process**

The Court finds that evidence relating to the investigation, deliberative process, and determination is inadmissible, and Plaintiff's Motion in Limine no.2 is granted.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**3.     That Adolph Mueller and Ira Willson are Ill and Cannot Attend the Trial**

The Court will announce to the jury that the absence of these individuals is not because they are disinterested, but because they are ill and unable to attend. The parties may submit their preferred language to the Court for its reconsideration. Plaintiff's Motion in Limine no.3 is granted, in part.

**4.     Any Evidence that Plaintiff's Prior Lawsuit Caused Disruption or Disharmony in the Workplace**

Plaintiff states that the Eighth Circuit expressly rejected this claim, making this the "law of the case" and any such evidence should be suppressed. Plaintiff also objects to Defendants' proposed jury instruction on this issue. Defendants maintain that they may use this defense regardless of whether it was presented at summary judgment.

"When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become the law of the case." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 457 (8th Cir. 1990); *see also Arizona v. California*, 460 U.S. 605, 618-19 (1983).

> The doctrine of the law of the case prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency. The doctrine of the law of the case precludes litigation of matters that are decided implicitly, as well as those decided explicitly.

*UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995). "[T]he common law strongly directs courts to follow decisions made in an earlier proceeding unless substantially different evidence is introduced or the earlier decision is both clearly erroneous and works a manifest injustice or some other extraordinary circumstances exist." *See Bethea*, 916 F.2d at 457.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Eighth Circuit explicitly considered the evidence presented by Defendants that "the Mayor disliked Gunter" and found that the evidence was "not enough to show impairment of working relationships with other employees." This is now the law of the case. The Court will allow Defendants to present "substantially different evidence" on this issue if Defendants state that facts exist which are substantially different from the statement mentioned above. Plaintiff claims if there is such evidence, Defendants have not produced it in discovery. The Court will consider substantially different relevant evidence on this issue, provided in adducing such evidence, that Defendants are in compliance with their responsibilities under the rules of discovery. Plaintiff's Motion in Limine no. 4 is granted, in part.

**5.     That Plaintiff Failed to Exhaust His Administrative Remedies by Not Using the City of St. James' Grievance Policy**

A civil rights plaintiff is not required to take futile measures. *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006). The City of St. John has a grievance policy in place for the resolution of personnel-type grievances against the City. This policy provided for review by the City Counsel. However, the Utilities Board is independently responsible for hires, fires, and promotions, and as a result, filing a grievance would not have aided Plaintiff as the City Counsel is unable to overturn the decision of the Utilities Board on these matters. Courts may excuse a plaintiff's failure to exhaust administrative remedies "where the party failed to raise an issue because to do so would have been futile." *Id.* at 729. The administrative remedies available to Plaintiff would have been futile, and the Court excuses Plaintiff's failure to exhaust these remedies. This information is not relevant and is prejudicial, and Plaintiff's Motion in Limine no. 5 is granted.

**II.     DEFENDANTS' MOTIONS IN LIMINE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1.       **Transcript, Docket Sheet, Pleadings, and Documents from *Gunter v. St. James*, CV300-0558CC**

Defendants argue that this evidence is irrelevant and prejudicial, and Plaintiff responds that certain parts of these documents are relevant and necessary for Plaintiff's claims. The Court will not admit these documents as exhibits, because th prejudicial effect far outweighs any probative value. The predicate facts necessary for Plaintiff to show the prior lawsuit was the basis for his claim for retaliation may be presented by oral testimony. If Plaintiff believes the necessary and non-prejudicial information may not be proved by witness testimony, the Court will present facts to the jury regarding this prior lawsuit. The Court will read these facts to the jury as an instruction during Plaintiff's case. The parties are to submit to the Court a list of the facts they would like read to the jury. After these lists are submitted, the Court will determine which facts will be presented to the jury on the issue of the filing and resolution of the case of *Gunter v. St. James*, CV300-0558CC. Defendants' Motion in Limine no. 1 is granted, in part.

2.       **Lay Testimony Regarding the Perceived Motivations or Reasons for the Promotion Decisions of the Board of Utilities**

The Court finds that the proposed testimony of Mr. Robinson is inflammatory and its prejudicial effect outweighs any probative value. It will not be allowed. Mr. Singleton and Mr. Watkins may testify as to the statements they heard, but cannot give an opinion as to who should have been promoted. Mrs. Gunter may not testify as to her perceived reasons for the Board's actions. Finally, Mr. Woessner may not testify as to any information relating to Plaintiff's first lawsuit, because any such statement made before the first lawsuit (*Gunter v. St. James*, CV300-0558CC) was filed is irrelevant. Defendants' Motion in Limine no. 2 is granted, in part.

3.       **Evidence Regarding Post-Promotion Actions**

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The comments made by Defendant Mayor Morrison, on his last day in office, are permitted. The information regarding the June 2005 promotion to Superintendent is relevant and will be allowed. Defendants' Motion in Limine no. 3 is granted.

**4.      City Counsel Member Statements Regarding Plaintiff**

Statements made by current and former city counsel members regarding Plaintiff are relevant in proving discriminatory animus and show an intent to retaliate and are permitted. Defendants' Motion in Limine no. 4 is denied.

**5.      Offers of Settlement**

Plaintiff does not intend to introduce evidence of settlement negotiations. Defendants' Motion in Limine no. 5 is granted.

**6.      Undesignated or Undisclosed Expert Opinion**

Plaintiff intends to use an economist to prove lost wages and retirement benefits, and states that their witness has been fully disclosed. This evidence is admissible only if the Plaintiff has complied with all discovery rules. Defendants' Motion in Limine no. 6 is taken under advisement.

**7.      Insurance Coverage**

Evidence that Defendants possess insurance coverage that may be applicable inadmissible in this action. However, the Court will allow Plaintiff to ask one question in the middle of voir dire as to whether any panel member is employed by, or is an insured with Savers Insurance Group or Meadowbrook Insurance Company. No follow up questions may be asked. If any jurors answer yes to this question, the Court will speak with those jurors privately during a recess later in the voir dire process. Defendants' Motion in Limine no. 7 is granted.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**8. Front Pay**

The parties agree that front pay and retirement benefits are equitable remedies and are not to be presented to the jury. If the jury finds for the Plaintiff, the court will hold a later hearing at which time evidence of future lost wages and retirement benefits may be presented. Defendants' Motion in Limine no. 8 is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion in Limine [doc. #61]:

1. to exclude Plaintiff's Charge of Discrimination and evidence related to Plaintiff's Charge of Discrimination and request for receipt of a Right to Sue is **GRANTED.**

2. to exclude evidence of the administrative determination, investigation, and deliberative process is **GRANTED.**

3. to exclude evidence that Adolph Mueller and Ira Willson are ill and cannot attend the trial is **GRANTED, in part.**

4. to exclude evidence that Plaintiff's prior lawsuit caused disruption or disharmony in the workplace is **GRANTED, in part.** The Court will allow Defendants to present such evidence only if it is "substantially different" and the Court is convinced that the parties have followed the rules of discovery.

5. to exclude evidence that Plaintiff failed to exhaust his administrative remedies by not using the City of St. James' grievance policy is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion in limine [doc. #53]:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1. to exclude the transcript, docket sheet, pleadings, and documents from *Gunter v. St. James*, CV300-0558CC is **GRANTED, in part.** The parties are to submit to the Court a list of the facts they would like read to the jury.

2. to exclude lay testimony regarding the perceived motivations or reasons for the promotion decisions of the Board of Utilities is **GRANTED, in part.** Specifically, the proposed testimony of Mr. Robinson will not be allowed. Mr. Singleton and Mr. Watkins may testify as to the statements they heard, but cannot give an opinion as to who should have been promoted. Mrs. Gunter may not testify as to her perceived reasons for the Board's actions. Finally, Mr. Woessner may not testify as to any information relating to Plaintiff's first lawsuit. The Court also notes that any statement made before the first lawsuit (CV300-0558CC) was filed is irrelevant.

3. to exclude evidence regarding post-promotion actions is **DENIED.**

4. to exclude the city counsel member statements regarding Plaintiff is **DENIED.**

5. to exclude evidence of offers of settlement is **GRANTED.**

6. to exclude any undesignated or undisclosed expert opinion is taken under advisement.

7. to exclude mention of insurance coverage is **GRANTED**, however, the Court will allow Plaintiff to ask one question in the middle of voir dire as to whether any panel member is employed by, or is an insured with Savers Insurance Group or Meadowbrook Insurance Company.

8. to exclude mention of front pay is **GRANTED.**

Dated this 4th day of December, 2007.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com